IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| VS. | § § § | CIVIL ACTION NO. _____ |
| SIMBAKI, LTD. d/b/a BERRYHILL BAJA GRILL & CANTINA | § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S ORIGINAL COMPLAINT**

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation for engaging in activities protected by Title VII, and to provide appropriate relief to Laura Leigh Baatz ("Baatz") and Kimberly Kulig ("Kulig").

NATURE OF CLAIMS

2. In this lawsuit, as alleged with greater particularity in paragraphs 16 through 23 below, Plaintiff Equal Employment Opportunity Commission ("Plaintiff or the "Commission") alleges that the Charging Parties were subjected to unwelcome sexual harassment by Defendant's owner and manager, Phillip Wattel ("Wattel"). This conduct continued up until the time each Charging Party was terminated or otherwise left her employment in 2007 or 2008. In addition, Defendant unlawfully retaliated against both Charging Parties for engaging in protected activity

under Title VII, including making written and verbal complaints of sexual harassment and filing charges of discrimination with the Commission. The sexual harassment and retaliation resulted in the constructive discharge and/or wrongful termination of both Charging Parties.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), as amended. This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

4. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

5. The employment practices alleged to be unlawful were committed in Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

6. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

7. Defendant Simbaki, Ltd. d/b/a Berryhill Baja Grill and Cantina ("Berryhill" or "Defendant") is a Texas limited partnership. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least fifteen (15) employees. Defendant may be served with summons by serving its registered agent for service of process, Philip J. Wattel, 115 Blue Water Way Pvt, Kemah, TX 77565.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42

U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

9. More than thirty days prior to the institution of this lawsuit, Ms. Baatz and Ms. Kulig filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Berryhill with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII, 42 U.S.C. § 2000e-5(b). The Commission's good faith conciliation efforts failed.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Defendant is a franchised "baja-inspired" Tex-Mex restaurant and cantina located in the Montrose neighborhood of Houston at 3407 Montrose, Suite A-8, Houston, Texas 77006. Philip J. Wattel ("Wattel") is the sole partner of Simbaki, Ltd, and thus, is the proxy for Defendant's partnership, and the sole owner and operator of the Berryhill franchise against which this lawsuit is brought. There are approximately fourteen (14) Berryhill franchises located primarily in the Houston, Texas area. Wattel has owned and/or presently owns and operates other restaurants in the metropolitan Houston area, including at least one other Berryhill franchise.

12. In operating Defendant, Wattel utilizes human resources and other corporate services provided by Berryhill's franchisor, Berryhill Hot Tamales, L.L.C. (a/k/a BHT Franchise Corporation), at or out of its Houston Corporate office located at 4295 San Felipe, Suite 200, Houston, TX 77027.

13. Since at least 2006, Defendant has engaged in unlawful employment practices, including sexual harassment and retaliation, in violation of Section 703(a)(1) and Section 704(a)

of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

14. Charging Party Baatz was employed by Berryhill as a bartender beginning in 2003. She resigned her employment voluntarily on one or more occasions during the time period of 2003 to 2008, due to the sexual harassment described below. For financial reasons, however, Ms. Baatz subsequently reapplied on each occasion and was rehired by Defendant. Berryhill terminated Ms. Baatz's employment on or about February 29, 2008.

15. Charging Party Kulig was employed by Berryhill as a bartender from 2003 through 2005. She was rehired by Defendant in 2006, again as a bartender, and worked in that capacity until in or about December 2007, when she was constructively discharged.

16. During their employment, Berryhill's owner, Wattel, subjected both Ms. Baatz and Ms. Kulig to unwelcome sexual harassment. The sexual harassment by Defendant included both verbal and physical acts of harassment based on sex and continued throughout each Charging Party's tenure. The harassment perpetrated by Wattel included, but is not limited to, lewd comments, requests for sexual acts and favors, indecent exposure of his own private body parts, repeated grabbing and touching of each Charging Party's private body parts, and progressively more violent physical assaults of a sexual nature against Ms. Baatz and Ms. Kulig.

17. The sexual harassment perpetrated by Defendant was unwelcome and was severe and/or pervasive. The harassment created a hostile work environment that altered the terms and conditions of employment for each of the Charging Parties and created an abusive working environment. The harassment complained of was based on the Charging Parties' protected classification of sex, female.

18. During the time period in which the events alleged herein occurred, Defendant had no policy prohibiting sexual harassment or retaliation within the workplace. Nor did Berryhill post any notice of any procedures to complain about sexual harassment, at least in part because it

wholly lacked any such procedures. Instead, in response to complaints by the Charging Parties, described below, in or about March 2007, Defendant posted a written notice in the workplace which made light of and even encouraged sexual harassment within the restaurant.

19.     Defendant took no action to prevent or correct the sexual harassment as required by Title VII. During her employment with Defendant, Ms. Baatz complained verbally about the sexually harassment by Wattel on multiple occasions, and also complained in writing, in multiple, separate typewritten memoranda. Similarly, Ms. Kulig repeatedly complained about the harassment, verbally and in the form of multiple, separate typewritten memoranda. These complaints were often directed and given to Wattel himself, and/or to other management employees of the restaurant. Despite these numerous and repeated complaints, the sexual harassment against the Charging Parties never abated, but, in fact, intensified.

20.     The Charging Parties engaged in activity protected by Title VII by complaining to Defendant, and, in the case of Ms. Kulig, complaining to the Commission while still employed by Defendant. In response, Berryhill retaliated against Ms. Kulig and Ms. Baatz through adverse employment actions that negatively affected the terms and conditions of their employment. Such actions by Defendant included, but are not limited to, subjecting the Charging Parties to verbal harassment and threats for making the complaints, escalating the acts of physical and sexual violence directed at the Charging Parties, attempting to force one or both Charging Parties to sign a written agreement which authorized Wattel to sexually harass them, and denying additional, available work shifts to one or more of the Charging Parties.

21.     Defendant's unlawful sexually harassing and retaliatory conduct, which continued after Ms. Kulig filed her charge with the Commission on or about November 9, 2007, resulted in Kulig's constructive discharge by Berryhill in or about December 2007.

22.     Charging Party Baatz was wrongfully discharged or constructively discharged as a

result of and in relation to the sexual harassment and retaliation by Defendant. While Defendant claims that Ms. Baatz was terminated for performance reasons on or about February 29, 2008, Ms. Baatz maintains that she resigned her employment on that date as a result of the unlawful harassment and retaliation. Whether terminated by Defendant or constructively discharged, Ms. Baatz's termination resulted from Defendant's unlawful sexual harassment and retaliation.

23. Following the filing of Ms. Baatz's charge of discrimination on or about March 3, 2008, Defendant – by and through Wattel – continued to retaliate against her for engaging in protected activity by refusing to rehire her unless and until she withdrew her charge of discrimination with the Commission.

24. The effect of these unlawful employment practices complained of above has been to deprive both Charging Parties of equal employment opportunities, and to otherwise adversely affect each Charging Party's status as an employee because of each Charging Party's sex, female, and because each Charging Party engaged in protected activity under Title VII, including complaining repeatedly to Defendant's owner and managers about the hostile work environment to which each was subjected, and filing a charge of discrimination with the Commission.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Laura Baatz and Kimberly Kulig.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, and its owners, officers, successors, assigns and all persons in active concert or participation with any of them, from engaging in any employment practice which discriminates against any employee or applicant on the basis of sex and creates a hostile work environment within the workplace, as prohibited by

Title VII.

      B.      Grant a permanent injunction enjoining Defendant, and its owners, officers, successors, assigns and all persons in active concert or participation with any of them, from retaliating against any employee or applicant for opposing discrimination or otherwise engaging in activity protected by Title VII, including by filing a charge of discrimination with the Commission.

      C.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, including all female employees, as well as all employees who oppose discrimination or otherwise engage in activities protected by Title VII, and which eradicate the effects of Defendant's past and present unlawful employment practices, including sexual harassment and retaliation.

      D.      Order Defendant to make whole Laura Baatz by providing appropriate back wages, with pre-judgment interest, in an amount to be determined at trial.

      E.      Order Defendant to make whole Kimberly Kulig by providing appropriate back wages, with pre-judgment interest, in an amount to be determined at trial.

      F.      Order Defendant to make whole Laura Baatz by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices complained of above, including, but not limited to, an award of front pay if reinstatement into employment of Laura Baatz by Defendant is impractical.

      G.      Order Defendant to make whole Kimberly Kulig by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices complained of above, including, but not limited to, an award of front pay if reinstatement into employment of Kimberly Kulig by Defendant is impractical.

      H.      Order Defendant to make whole Laura Baatz by providing compensation for past

and future pecuniary losses resulting from the unlawful practices complained of above, including out-of-pocket expenses, including those related to job searches and insurance, in amounts to be proved at trial.

I. Order Defendant to make whole Kimberly Kulig by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, including out-of-pocket expenses, including those related to job searches and insurance, in amounts to be proved at trial.

J. Order Defendant to make whole Laura Baatz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

K. Order Defendant to make whole Kimberly Kulig by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

L. Order Defendant to make whole Laura Baatz by providing appropriate post-judgment interest, in amounts to be determined at trial.

M. Order Defendant to make whole Kimberly Kulig by providing appropriate post-judgment interest, in amounts to be determined at trial.

N. Order Defendant to pay punitive damages to Laura Baatz and to Kimberly Kulig for its intentional, malicious and/or reckless conduct described above, in an amount to be determined at trial.

O. Grant such other and further relief as the Court deems necessary and proper in the public interest.

P.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


  /s/ Connie K. Wilhite
CONNIE K. WILHITE
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity Commission
1201 Louisiana St., Suite 600
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1201 Louisiana St., Suite 600
Houston, Texas 77002