IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0221 |
| | § | |
| SIMBAKI, LTD. d/b/a Berryhill Baja | § | |
| Grill & Cantina, | § | |
|     Defendant. | § | |

---

| | |
|---|---|
| LAURA BAATZ and | § |
| KIMBERLY KULIG, | § |
|     Intervenor Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| PHILIP J. WATTEL, *et al.*, | § |
|     Intervenor Defendants. | § |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on the Motion to Dismiss [Doc. # 7] filed by

Defendant Simbaki, Ltd. d/b/a Berryhill Baja Grill & Cantina ("Simbaki") seeking

dismissal of the Complaint [Doc. # 1] filed by the Equal Employment Opportunity

Commission ("EEOC"), the Motion to Dismiss [Doc. # 8] filed by Defendant

Berryhill Hot Tamales Corporation ("BHT") seeking dismissal of the claims against

it asserted by Intervenor Plaintiffs Laura Baatz and Kimberly Kulig, and the Motion

to Dismiss [Doc. # 12] filed by Defendants Philip J. Wattel, Simbaki, and Simbaki-I, Inc. seeking dismissal of Intervenor Plaintiffs' claims against them. The Motions to Dismiss have been fully briefed.[1] Having reviewed the full record and applicable legal authorities, the Court **denies** Simbaki's Motion to Dismiss [Doc. # 7]. The Court **grants** BHT's Motion to Dismiss [Doc. # 8] as to the battery and negligent retention claims, **grants** the Motion to Dismiss with leave to amend the libel and slander claims, and **denies** the Motion to Dismiss the Title VII claims. The Court **grants** the Simbaki Defendants Motion to Dismiss [Doc. # 12] as to the battery claim, **grants** the Motion to Dismiss the libel and slander claims regarding the statements made in the course of the EEOC proceeding, **denies** the Motion to Dismiss the libel and slander claims regarding the statements made to the Houston Chronicle, and **denies** the Motion to Dismiss the Title VII claims. Intervenor Plaintiffs are granted leave to amend their

---

[1]   The EEOC filed a Response [Doc. # 13] to Simbaki's Motion to Dismiss, Simbaki filed a Reply [Doc. # 15], the EEOC filed a Sur-Reply [Doc. # 16], the Intervenor Plaintiffs filed a Brief in Support of the EEOC's Opposition [Doc. # 17], and Simbaki filed a Reply [Doc. # 22] addressing the Intervenor Plaintiffs' Brief.

Intervenor Plaintiffs filed an Opposition [Doc. # 18] to BHT's Motion to Dismiss, BHT filed a Reply [Doc. # 24], and Intervenor Plaintiffs filed a Sur-Reply [Doc. # 26].

Intervenor Plaintiffs filed a Response [Doc. # 23] to Simbaki Defendants' Motion to Dismiss, Simbaki Defendants filed a Reply [Doc. # 25], and Intervenor Plaintiffs filed a Sur-Reply [Doc. # 27].

libel and slander claims against BHT to allege a factual and legal basis for BHT's alleged liability for any libel and slander committed by Wattel.

## I.   **BACKGROUND**

Intervenor Plaintiffs were employed as bartenders by Simbaki, Ltd. d/b/a Berryhill Baja Grill & Cantina on Montrose Boulevard in Houston, Texas.  Kulig filed a Charge of Discrimination with the EEOC in November 2007, and Baatz filed a Charge of Discrimination with the EEOC in March 2008.  Each named "Berryhill Baja Grill" as the Employer and listed its address on Montrose Boulevard.  Each  asserted that she had been sexually harassed by Philip Wattel, the owner and franchisee of the Berryhill franchise at the Montrose location.  Kulig asserted also that Wattel retaliated against her for complaining about the alleged sexual harassment.  Kulig's employment terminated in December 2007, and Baatz's employment terminated in February 2008.

On June 17, 2010, the EEOC provided formal notice that conciliation efforts had been unsuccessful.  *See* Notice Letters, Exh. B to Motion to Dismiss [Doc. # 7]. On January 24, 2012, the EEOC filed this lawsuit against Simbaki, asserting claims under Title VII for sexual harassment and retaliation.  On March 1, 2012, Intervenor Plaintiffs filed their Intervenor Complaint [Doc. # 6] against Wattel, Simbaki, Simbaki-I, Inc., and BHT.  In addition to the Title VII claims for sexual harassment and retaliation, Intervenor Plaintiffs asserted state law claims for battery and negligent

retention, and Baatz asserted a state law claim for libel and slander.  Defendants

moved to dismiss, and the Motions are now ripe for decision.

## II.   <u>STANDARD FOR MOTION TO DISMISS</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm*

*Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When there are well-pleaded factual

allegations, a court should presume they are true, even if doubtful, and then determine

whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.  Additionally,

regardless of how well-pleaded the factual allegations may be, they must demonstrate

that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v.*

*Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th

Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the

contents of the pleadings and attachments thereto.  *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

"Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

## III.   TITLE VII CLAIMS

The EEOC asserts Title VII sexual harassment and retaliation claims against Defendant Simbaki. The Intervenor Plaintiffs assert Title VII sexual harassment and retaliation claims against BHT, Simbaki, and Simbaki-I, Inc.[2] All Defendants move to dismiss the Title VII claims on the basis of laches. BHT moves to dismiss the Title VII claims because it was not named in either Intervenor Plaintiff's EEOC charge.

### A.   Laches

---

[2]   Intervenor Plaintiffs assert Title VII claims against "Wattel's Simbaki entities, and Corporate Berryhill." *See* Intervenor Complaint [Doc. # 6], ¶ 45. Separately, Intervenor Plaintiffs assert that "Wattel is individually liable for libel, slander and battery." *See id.*, ¶ 46. The Intervenor Complaint does not contain Title VII claims against Wattel individually.

Defendant Simbaki moves to dismiss the EEOC's complaint against it as barred by laches.  All Defendants move to dismiss the Intervenor Complaint on the same basis.

"Laches is founded on the notion that equity aids the vigilant and not those who slumber on their rights." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 708 (5th Cir. 1994) (quoting *NAACP v. NAACP Legal Defense & Educ. Fund, Inc.*, 753 F.2d 131, 137 (D.C. Cir. 1985)).  A Title VII complaint may be dismissed on the doctrine of laches if the "EEOC has delayed unreasonably after it has completed conciliation efforts." *Fowler v. Blue Bell, Inc.*, 596 F.2d 1276, 1279 (5th Cir. 1979) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355 (1977)).  Dismissal on the basis of laches requires the moving defendant to demonstrate unreasonable delay by the EEOC after conciliation efforts are completed and "undue prejudice to that defendant's ability to present an adequate defense." *Nat'l Ass'n*, 40 F.3d at 708.

In this case, Defendants have not established as a matter of law from the pleadings that they suffered "undue prejudice."  There is no requirement that a plaintiff allege facts to controvert a laches defense, and the EEOC has not alleged facts in the Complaint addressing the "undue prejudice" prong.  There are no unchallenged documents attached to the parties' briefing that resolve that issue at this

stage of the proceedings.  Accordingly, the Motion to Dismiss on the basis of laches is denied as premature.

### B.    Title VII Claims Against BHT

BHT argues that the Title VII claims against it should be dismissed because Intervenor Plaintiffs failed to exhaust their administrative remedies before the EEOC as to BHT.  As a jurisdictional prerequisite to pursuing a Title VII claim, a plaintiff must first exhaust administrative remedies by filing a timely charge with the EEOC. *See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  In this case, neither Intervenor Plaintiff named BHT in the Charge of Discrimination filed with the EEOC.

The filing of an additional charge is not required, however, where there is an identity of interest between the party named in the EEOC charge and the unnamed defendant, who was provided with adequate notice of the charge and was given the opportunity to participate in the conciliation proceedings.  *See Parks v. Mississippi Dept. of Transp.*, 380 F. Supp. 2d 776, 780 (N.D. Miss. 2005 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)); *Walsh v. Aries Freight Sys., L.P.*, 2007 WL 3001650, *3 (S.D. Tex. Oct. 12, 2007) (Rosenthal, J.) (citing *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987)); *Bernard v. ATC VanCom*, 2005 WL 139110, *4 (N.D. Tex. Jan. 20, 2005).  Intervenor

Plaintiffs have submitted a Notice of Charge of Discrimination sent to BHT's Human Resources and Legal Department providing notice of the EEOC charges filed by Baatz and Kulig.[3]  *See* Notices of Charge of Discrimination, Exhs. 1-A and 1-B [Doc. # 21]. A copy of each EEOC charge was attached to the Notice.  *See id.*  Plaintiffs have presented an adequate record to avoid dismissal at this point based on their failure to name BHT in the EEOC charges.

BHT argues also that the Title VII claims against it should be dismissed because it was not Intervenor Plaintiffs' employer.  In the Fifth Circuit, a four-factor test is applied to determine whether two entities qualify as a single employer for Title VII purposes.  *See Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 343 (5th Cir. 2005) (citing *Trevino v. Celanese Corp.,* 701 F.2d 397 (5th Cir. 1983)).  The four factors are "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Id.* (citing *Trevino,* 701 F.2d at 404).  Intervenor Plaintiffs have alleged that BHT had "interrelated operations" with Berryhill Baja Grill, regularly communicating with Wattel, and collaborating on advertising and marketing.  *See* Intervenor Complaint, ¶ 16.

---

[3]     Intervenor Plaintiffs also submitted BHT's response.  *See* Letter dated March 18, 2008, Exh. 1-C [Doc. # 21].  In its Response, BHT informs the EEOC that Wattel is simply a franchisee of the Montrose location of Berryhill Baja Grill and, consequently, is "solely responsible for answering to these allegations."  *See id.*

Intervenor Plaintiffs allege that BHT was integrally involved in labor and employee relations, including developing a policy with Wattel that employees who had worked for Wattel could not be hired by BHT or by any other franchise location.  *See* Intervenor Complaint, ¶ 17.  The Court concludes that Intervenor Plaintiffs have adequately alleged factually that BHT was a single employer with Simbaki.  Dismissal of the Title VII claims against BHT, therefore, is inappropriate at this point.

## IV.   INTERVENOR PLAINTIFFS' STATE LAW CLAIMS

Intervenor Plaintiffs assert Texas state law causes of action for battery, libel, and slander against Wattel and BHT.  Additionally, they assert a negligent retention claim against BHT.

### A.   Battery and Negligent Retention Claims

The statute of limitations for battery is two years.  TEX. CIV. PRAC. & REM. CODE § 16.003.  The statute of limitations for a negligent retention claim is also two years. *Id.* (cited in *Saldivar v. Texas Dept. of Assistive and Rehabilitative Servs.*, 2009 WL 3386889, *10 (S.D. Tex. Oct. 13, 2009) (Rosenthal, J.)).  In this case, it is undisputed that Intervenor Plaintiffs filed their Intervenor Complaint beyond the applicable statute of limitations for the battery and negligent retention claims.

Intervenor Plaintiffs argue, however, that the statute of limitations should be equitably tolled during the period their charges were pending with the EEOC.  In the

Fifth Circuit, however, a statute of limitations is not tolled by the pendency of an administrative complaint filed with the EEOC.  *See Dupree v. Hutchins Bros.*, 521 F.2d 236, 238 (5th Cir. 1975) (citing *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454 (1975)).  This is true where, as here, the time-barred claim is "separate from and independent of the more elaborate and time-consuming procedures of Title VII." *Johnson*, 421 U.S. at 466.  Intervenor Plaintiffs in this case had an "unfettered right" to file their battery and negligent retention claims at any time after the causes of action accrued.  *See id.*  "The fact that [their] slumber may have been induced by faith in the adequacy of [their] Title VII remedy is of little relevance inasmuch as the two remedies are truly independent." *Id.*

The Court, based on Fifth Circuit and United States Supreme Court authority, concludes that equitable tolling does not apply during the time the administrative charges were pending before the EEOC.  Absent equitable tolling, it is uncontroverted that Intervenor Plaintiffs' battery and negligent retention claims were not filed within two years after they accrued.  Defendants are entitled to the dismissal of these two claims.

## B.   Libel and Slander Claims

Baatz asserts libel and slander claims based on statements made by Wattel to the EEOC as well as other statements, including allegedly false statements to the *Houston Chronicle* newspaper.   Baatz asserts that "Corporate Berryhill is also responsible for Wattel's slander and libel of Laura Baatz."  *See* Intervenor Complaint, ¶ 46.

Defendant BHT moves to dismiss the libel and slander claims because Baatz fails to allege a legal and factual basis for imposing liability on BHT for statements made by Wattel.  BHT is correct that Baatz's summary statement that BHT is liable for Wattel's slander and libel fails to state a claim against BHT for which relief can be granted.  The Court concludes, however, that Baatz should be allowed an opportunity to replead, consistent with her obligations under Rule 11 of the Federal Rules of Civil Procedure, her libel and slander claim against BHT.

Simbaki Defendants argue that the libel and slander claim against Wattel should be dismissed because the challenged statements are privileged.  With reference to the statements to the EEOC, such statements in the course of quasi-judicial proceedings before governmental commissions are privileged under Texas law.  *See Dick v. J.B. Hunt Transport, Inc.*, 772 F. Supp. 2d 806, 823 (N.D. Tex. 2011) (citing *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994)).   Simbaki Defendants have not demonstrated, however, that the other statements on which Baatz bases the libel and

slander claim against Wattel are privileged as a matter of law such that the claim should be dismissed.

The libel and slander claim against BHT is dismissed without prejudice to repleading.   The libel and slander claim against Wattel is dismissed as to the statements to the EEOC and denied as to the remaining statements.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Simbaki's Motion to Dismiss [Doc. # 7] is **DENIED**;

**ORDERED** that BHT's Motion to Dismiss [Doc. # 8] is **GRANTED** as to the battery and negligent retention claims, **GRANTED** with leave to amend as to the libel and slander claims, and **DENIED** as to the Title VII claims; and

**ORDERED** that the Simbaki Defendants' Motion to Dismiss [Doc. # 12] is **GRANTED** as to the battery claim, **GRANTED** as to the libel and slander claims regarding the statements made in the course of the EEOC proceeding, **DENIED** as to the libel and slander claims regarding the statements made to the *Houston Chronicle*, and **DENIED** as to the Title VII claims.[4]  It is further

---

[4]     The denial of Defendants' requests to dismiss certain claims is without prejudice to Defendants' right to seek summary judgment on any appropriate basis, including laches, after an adequate time to complete discovery.

**ORDERED** that Intervenor Plaintiffs are granted leave to amend their libel and slander claims against BHT to allege a factual and legal basis for imputing liability to BHT for any libel and slander allegedly committed by Wattel.  The amendment must be filed no later than **June 4, 2012**.

SIGNED at Houston, Texas, this **23rd** day of **May, 2012**.

_____
Nancy F. Atlas
United States District Judge